Arnold L. Graff (SBN 269170)
agraff@aldridgepite.com
Joseph C. Delmotte (SBN 259460)
jdelmotte@aldridgepite.com
**ALDRIDGE PITE, LLP**
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, CA 92177-0933
Telephone: (858) 750-7600
Facsimile: (619) 590-1385

Attorneys for
U.S Bank National Association

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA - OAKLAND DIVISION

| | |
|---|---|
| In re | Case No. 16-43515 |
| JOSEPH ABEL MARQUEZ and THERESA AGUSTA MARQUEZ, | Chapter 13 |
| Debtors. | **LIMITED OBJECTION TO DEBTORS' SECOND AMENDED MOTION TO MODIFY CHAPTER 13 PLAN** |

U.S Bank National Association[1] (hereinafter "Creditor"), secured creditor of the above-entitled debtors, Joseph Abel Marquez and Theresa Agusta Marquez (hereinafter "Debtors"), hereby submits its limited objection to the Debtors' Motion to Modify Chapter 13 Plan ("Motion to Modify") filed by Debtors in the above-referenced matter.

## I. STATEMENT OF FACTS

1.     Creditor's claim is evidenced by a promissory note executed by Debtors, and dated August 2, 2006, in the original principal sum of $163,000.00 (the "Note"). A copy of the Note is attached to Creditor's proof of claim no. 5 as filed on the Court's claims register ("CCR") in the

---

[1] This Objection to Confirmation of Chapter 13 Plan shall not constitute a waiver of the within party's right to receive service pursuant to Fed. R. Civ. P. 4, made applicable to this proceeding by Fed. R. Bankr. P. 7004, notwithstanding Aldridge Pite, LLP's participation in this proceeding. Moreover, the within party does not authorize Aldridge Pite, LLP, either expressly or impliedly through Aldridge Pite, LLP's participation in this proceeding, to act as its agent for purposes of service under Fed. R. Bankr. P. 7004.

**LIMITED OBJECTION TO DEBTORS' SECOND AMENDED MOTION TO MODIFY CHAPTER 13 PLAN**

Case: 16-43515     Doc# 38     Filed: 05/25/18     Entered: 05/25/18 15:36:20     Page 1 of 6

instant bankruptcy case and incorporated herein by reference.

2. The Note is secured by a deed of trust (the "Deed of Trust[2]") encumbering the real property commonly known as 258 Via Lucero San Lorenzo, CA 94580 (the "Subject Property"). A copy of the Deed of Trust is attached to Creditor's proof of claim no. 5 as filed in the instant bankruptcy case and incorporated herein by reference.

3. Subsequently, the Note was indorsed in blank thereby converting the Note to a bearer instrument. Creditor, directly or through an agent, is in possession of the original promissory note indorsed in blank. See CCR, Claim No. 5.

4. Subsequently, the beneficial interest in the Deed of Trust was transferred to Creditor. See CCR, Claim No. 5.

5. On December 27, 2016, Debtors filed the instant Chapter 13 bankruptcy petition in the United States Bankruptcy Court for the Oakland District of California, Oakland Division, and were assigned case number 16-43515. *See* Dckt. 1.

6. On February 3, 2017, Creditor filed its proof of claim (the "Proof of Claim") secured by the Subject Property with a total outstanding balance in the amount of $157,776.77, and a pre-petition arrearage claim of $1,356.61. See CCR Claim No. 5.

7. On April 30, 2018, Debtors filed their Second Amended Motion to Modify the Confirmed Plan (the "Motion to Modify") seeking to payoff Creditor's pre-petition arrears in May 2018 through a refinance of the Property. However, while the Motion to Modify seemingly indicates that Creditor's total secured claim will be paid off, it seems no Motion for court permission to modify the loan has yet been filed, and Debtor's obligations are unclear should the refinance not close.

## II. ARGUMENT

### A. DEBTORS' MOTION TO MODIFY DEBTORS' CHAPTER 13 PLAN CANNOT BE CONFIRMED AS PROPOSED.

Post-confirmation plans may be modified to effectuate a change in: (1) the amount paid to

---

[2] The Note and Deed of Trust are collectively referred to herein as the "Subject Loan."

**LIMITED OBJECTION TO DEBTORS' SECOND AMENDED MOTION TO MODIFY CHAPTER 13 PLAN**

creditors; (2) the time for such payments; (3) the amount of the distribution to a creditor whose claim is provided for by the plan to the extent necessary to take account of any payment of such claim other than under the plan; or in limited circumstances, (4) amounts to be paid by the debtor to purchase health insurance for the debtor and dependents. 11 U.S.C. § 1329(a). However, the Code does provide that modified plans must be proposed in good faith under 11 U.S.C. § 1325(a)(3) and comply with the "best interests of the creditors" test and the "ability to pay" standard pursuant to 11 U.S.C. § 1325(a)(4), (5), (6). In re Brown, 2011 Bankr. LEXIS 2652 at *2 (Bankr. S.D. Ind. July 8, 2011.

1.  **Debtors' Motion to Modify Chapter 13 Plan should be denied because it is unclear re treatment of Creditor's claim should the prospective refinance fail to occur by a certain date.**

11 U.S.C. Section 1325(a)(5)(B)(ii) requires a debtor's Chapter 13 Plan to distribute at least the allowed amount of a creditor's secured claim. See 11 U.S.C. § 1325(a)(5)(B)(ii). Furthermore, the requirement that a debtor provide for the full value of a creditor's secured claim is mandatory for plan confirmation. See Barnes v. Barnes (In re Barnes), 32 F.3d 405, 407 (9th Cir. 1994); see also In re Lucas, 3 B.R. 252, 253 (Bankr. S.D. Cal. 1980)("In order to confirm any Chapter 13 Plan, the court must be satisfied…that the plan meets all the requirements of § 1325(a)."). The burden lies with the debtor in demonstrating compliance with section 1325(a). Chinichian v. Campolongo (In re Chinichian), 784 F.2d 1440 (9th Cir. 1986).

Debtors' Motion to Modify seemingly seeks to pay off Creditor's total secured claim before the end of the month, but it does not include any language indicating what Debtor must do should the refinance not close within a specified period of time. Accordingly, while Creditor does not oppose having its total secured claim paid off, including its pre-petition arrears, it does conditionally oppose the Motion to Modify to the extent that it does not include language stating that should the prospective refinance not close within a certain period of time, Debtor shall promptly modify the Plan further to clearly require the payment of all ongoing monthly mortgage payments since the bankruptcy filing, as well as the continued payment of Creditor's pre-petition arrearage through the Plan. In short, as Debtors' Motion to Modify does not indicate what Debtor must do should the

**LIMITED OBJECTION TO DEBTORS' SECOND AMENDED MOTION TO MODIFY CHAPTER 13 PLAN**

Case: 16-43515    Doc# 38    Filed: 05/25/18    Entered: 05/25/18 15:36:20    Page 3 of 6

prospective refinance fail to close within a certain period of time, it fails to satisfy 11 U.S.C. §

1325(a)(5)(B)(ii), and cannot be granted as proposed.

/././

WHEREFORE, Creditor respectfully requests:

1.     That confirmation of Debtors' Motion to Modify Chapter 13 Plan be denied;

2.     Alternatively, that the Motion to Modify Plan be amended to remedy the above-stated issues; and

3.     For such other and further relief as this Court deems just and proper.


Respectfully submitted,

Dated:    May 25, 2018            ALDRIDGE PITE, LLP


By: _____

ARNOLD L. GRAFF (SBN 269170)
Attorneys for U.S Bank National Association

**LIMITED OBJECTION TO DEBTORS' SECOND AMENDED MOTION TO MODIFY CHAPTER 13 PLAN**

Arnold L. Graff (SBN 269170)
agraff@aldridgepite.com
Joseph C. Delmotte (SBN 259460)
jdelmotte@aldridgepite.com
**ALDRIDGE PITE, LLP**
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, CA 92177-0933
Telephone: (858) 750-7600
Facsimile: (619) 590-1385

Attorneys for U.S BANK NATIONAL ASSOCIATION

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA - OAKLAND DIVISION**

| | |
|---|---|
| In re | Case No. 16-43515 |
| JOSEPH ABEL MARQUEZ and THERESA AGUSTA MARQUEZ, | Chapter 13 |
| Debtor(s). | **PROOF OF SERVICE BY MAIL** |

I, Ciara M. Reboya, declare that:

I am employed in the County of San Diego, California. My business address is: 4375 Jutland Drive, Suite 200; P.O. Box 17933, San Diego, CA 92177-0933. I am over the age of eighteen years and not a party to this cause.

On May 25, 2018, I served the LIMITED OBJECTION TO DEBTORS' SECOND AMENDED MOTION TO MODIFY CHAPTER 13 PLAN, in said cause by placing a copy thereof enclosed in a sealed envelope with postage thereon fully prepaid in the United States Mail at San Diego, California, addressed as follows: SEE ATTACHED SERVICE LIST.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on May 25, 2018, at San Diego, California.

/s/ Ciara M. Reboya
CIARA M. REBOYA

**DEBTOR(S)**

Joseph Abel Marquez
Theresa Agusta Marquez
258 Via Lucero
San Lorenzo, CA 94580

**DEBTOR(S) ATTORNEY**

Nathan David Borris
Law Offices of Nathan D. Borris
1380 A Street
Hayward CA 94541
nateborris@gmail.com

**CHAPTER 13 TRUSTEE**

Martha G. Bronitsky
P.O. Box 5004
Hayward, CA 94540
13trustee@oak13.com

**U.S. TRUSTEE**

U.S. Trustee
Office of the U.S. Trustee/Oak
Office of the United States Trustee
Phillip J. Burton Federal Building
450 Golden Gate Ave. 5th Fl.#05-0153
San Francisco, CA 94102
USTPRegion17.OA.ECF@usdoj.gov